## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY FRANKS<br>65 MacAarthur Avenue<br>Franklinville, NJ 08322<br><br>   Plaintiff,<br><br>v.<br><br>NEW HUDSON FACADES, LLC<br>815 Columbia Avenue<br>Linwood, PA 19061<br><br>   Defendant. | CIVIL ACTION<br><br>CASE NO.: _____ |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Timothy Franks (*hereinafter* referred to as "Mr. Franks" or "Plaintiff") against New Hudson Facades, LLC, (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act ("ADA" - 42 USC §§12101 *et. seq.*), the Family Medical Leave Act ("FMLA" - 29 U.S.C. § 2611 *et seq.*), the Fair Labor Standards Act, ("FLSA" - 29 U.S.C.A. § 201 *et seq.*), and the Pennsylvania Human Relations Act ("PHRA")[1]. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff intends to amend his instant lawsuit to include claims under the PHRA on February 1, 2023, once his administrative remedies are fully exhausted with the appropriate administrative agency. Plaintiff dual-filed his Charge of Discrimination on February 1, 2022. Any claims under the PHRA would mirror his instant ADA claims.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. There lies supplemental jurisdiction over Plaintiff's state-law claims because they arise out of the same common nucleus of operative facts as Plaintiff's federal claims asserted herein.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendant is deemed to reside where it is subject to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a is a custom architectural façade company specializing in the design, engineering, manufacturing, and installation of facades on world class buildings.

8. Defendant operates a manufacturing facility located at 815 Columbia Avenue, Linwood, PA 1906 (the "Linwood Facility").

9. At all times material, Defendant employed Plaintiff at the Linwood Facility.

10. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

11. Defendant is an "employer" within the meaning of the ADA because Defendant employed at least fifteen (15) or more full-time employees within the present or preceding calendar year for at least twenty (20) calendar weeks and engages in a business that affects interstate commerce.

## FACTUAL BACKGROUND

12. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13. Defendant employed Mr. Franks as a Machine Operator for approximately two years, from in or about December 2019 until unlawfully terminating him on January 24, 2022.

14. Mr. Franks was supervised primarily by Defendant's Machine Supervisor, Timothy O'Hara ("O'Hara") and Defendant's Plant Manager, Rich Latella ("Latella").

15. In or about November of 2020, Mr. Franks' wife was diagnosed with Congestive Heart Failure (CHF), and associated conditions/complications, for which she was hospitalized.

16. As a result, Mr. Franks requested/utilized intermittent medical leave to care for his wife's serious medical conditions as needed; instead of properly notifying Mr. Franks of his right to take FMLA, Defendant instead required Mr. Franks to use PTO.

17. Ultimately, in or about April of 2021, Mr. Franks formally pursued intermittent FMLA to care for his wife's serious medical conditions, including but not limited to taking her to doctor's visits and for treatment.

18. On or about May 11, 2021, Mr. Franks submitted signed FMLA paperwork from his wife's doctor to O'Hara.

19. Shortly thereafter, on or about May 19, 2021, Defendant issued Mr. Franks a verbal warning for being 4 days over his PTO allotment, despite the fact that Defendant's management and HR knew that he had requested FMLA leave for same.

20. On or about May 26, 2021, Mr. Franks reached out to HR representative Dave Riccio ("Riccio") to check on the status of his FMLA approval, but Riccio simply stated "I haven't had a chance to look at it yet."

21. Thereafter, for the next several weeks, Defendant subjected Mr. Franks to increasing hostility, animosity, and harassment for reasons associated with his wife's serious health conditions and/or utilizing FMLA leave for same.

22. By way of example, but not intended to be an exhaustive list:

   (1) Defendant's management began to closely monitor, scrutinize, and follow Mr. Franks' every move, essentially singling him out, while he performed his work duties;
   (2) Defendant's management, including but not limited to O'Hara, exhibited clear animosity and frustration whenever Mr. Franks requested FMLA leave for his wife's serious medical conditions;
   (3) On or about July 8, 2021, O'Hara handed Mr. Franks a torn piece of paper with nine (9) dates on it, and verbally berated him, stating "only two (2) days are excused," despite that nearly all the dates were FMLA-qualifying leave for his wife's serious medical conditions.

23. Mr. Franks reached out that same day (July 8, 2021) to HR to confirm whether his FMLA leave had been approved, to which Riccio replied, "yes," and vaguely stated that he "thought we had already discussed it."

4

24. Mr. Franks further complained to Riccio that he was being harassed and treated unfairly as a result of requesting FMLA leave for his wife's serious health conditions, including being told by management that he should "resign" and that FMLA leave "will not save [your] job."

25. However, instead of meaningfully investigating Mr. Franks' aforesaid complaints of discrimination and retaliation, on or about July 14, 2021, Defendant informed Mr. Franks that he would be disciplined for taking FMLA qualifying absences to care for his wife's serious medical conditions.

26. Just one week later, on or about July 21, 2021, Defendant issued Mr. Franks a written warning for absenteeism, despite that Mr. Franks' absences were FMLA qualifying leave to care for his wife's serious medical conditions.

27. Defendant's management and employees continued to harass Mr. Franks for taking FMLA leave, including intimidating him and his family with physical violence, aggressive and discriminatory comments and racial obscenities, ignoring his requests for help. One co-worker, Chala (last name unknown, hereinafter "Chala"), mockingly advised Mr. Franks "not to cut [your] grass when [you] are home on FMLA."

28. Mr. Franks continued to report and complain about the discriminatory and retaliatory treatment he was being subjected to.

29. In or around late September of 2021, a co-worker, Chris (last name unknown, hereinafter "Chris") informed Mr. Franks that management was looking for reasons to fire him, and that one employee, Jake Skinner (hereinafter "Skinner"), had been coming in early and staying late to monitor Mr. Franks' clock in and out times, hoping to find a reason to terminate him.

30. Thereafter, on or about October 28, 2021, Mr. Franks came to work after utilizing a day of FMLA leave to find that O'Hara had falsely informed Riccio that Mr. Franks had called

5

him and resigned, despite the fact that O'Hara knew he had taken FMLA for his wife's serious medical conditions and not resigned. This was completely untrue, as Mr. Franks never resigned from his position with Defendant.

31. For the next several weeks, Mr. Franks attempted to reach out to Riccio and O'Hara regarding the status of his FMLA eligibility/leave, including but not limited to how many days of FMLA leave that he had remaining; however, Riccio was never available, and O'Hara refused to respond to his inquiries. As a result, Mr. Franks continued to take intermittent FMLA leave as needed for his wife's serious health conditions, providing doctor's notes when requested.

32. On or about January 13, 2022, O'Hara presented Mr. Franks with a new employee handbook which had updated FMLA policy. Despite the acknowledgment not needing to be signed until January 31, 2022, O'Hara repeatedly pressured Mr. Franks to sign it sooner.

33. On or about January 22, 2022, Mr. Franks again complained to Riccio, regarding concerns that he had still not been provided with information regarding his FMLA time remaining and that both Riccio and O'Hara had been ignoring Mr. Franks' repeated questions regarding same.

34. Mr. Franks also complained to Riccio that Latella and O'Hara were illegally docking employees' pay 30 minutes each time they forget to clock in or out and requested a report of his log in and out times to ensure his pay was not being illegally deducted as well.

35. However, instead of meaningfully investigating or addressing Mr. Franks' concerns, Defendant summoned Mr. Franks to a meeting two days later on January 24, 2022, with several individuals present including O'Hara, Riccio, and Latella. During the meeting Latella berated and belittled Mr. Franks, calling his use of FMLA time "a joke" and yelling at him for complaining about unlawful pay practices.

36. Defendants then terminated Mr. Franks for an alleged "safety issue" – allowing his daughter to use a restroom in the Linwood Facility nearly three weeks prior on January 6, 2022.

37. Defendant's purported reason for terminating Mr. Franks is pretextual because (1) Mr. Franks had asked, and been approved and escorted by security, for permission to let his daughter use the restroom; (2) Latella had been aware of Mr. Franks daughter using the restroom on January 6, 2022, spoke with Mr. Franks about it, but did not impose any discipline and merely told Mr. Franks to avoid it in the future; (3) other employees have had their children on facility premises (sometimes for an entire day), without being provided discipline or terminated for same; and (4) Mr. Franks was terminated just three days after exercising his FMLA rights, complaining of FMLA violations, as well as safety and potential wage violations by Defendant for an alleged incident that took place nearly three weeks prior.

38. Defendant's actions as set forth herein violate the ADA.

39. Defendant's actions also constitute interference and retaliation under the FMLA.

### Count I
### Violations of the Family and Medical Leave Act ("FMLA")
(Retaliation & Interference)

40. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

42. Plaintiff requested FMLA leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).[2]

43. Plaintiff had at least 1,250 hours of service with Defendant during the 12-month period immediately preceding his request for FMLA leave.

44. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

45. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

46. Defendant committed interference and retaliation violations of the FMLA by: (1) using Plaintiff's requests for FMLA, the exercising of his FMLA rights and/or Plaintiff's utilization of FMLA-qualifying leave as a motivating or determinative factor in his discipline/termination; (2) considering Plaintiff's FMLA leave needs in making the decision to discipline/terminate him; (3) a negative performance evaluation solely due to his absences to care for his wife; (4) terminating Plaintiff while he was still eligible for FMLA-qualifying medical leave; (5) intimidating and terminating Plaintiff to prevent him from taking further FMLA-qualifying leave; (6) making false and misleading comments and/or taking actions towards Plaintiff that would dissuade a reasonable person from exercising his rights under the FMLA; and (7) refusing to provide him with required notices and information.

47. These actions as aforesaid constitute violations of the FMLA.

---

[2] As referenced *supra*, 29 C.F.R. § 825.110(b) provides that "The 12 months an employee must have been employed by the employer need not be consecutive months" and that in general, employment within seven years is counted towards the FMLA's 12-month requirement.

**COUNT II**
**Violations of the Americans with Disabilities Act ("ADA")**
**([1] Discrimination on the basis of association with a disabled individual; and**
**[2] Retaliation)**

48. The foregoing paragraphs are fully incorporated herein as though set forth at length.

49. The ADA, 42 U.S.C.A. §§ 12101 et. seq. prohibits employment discrimination based on the known disability of an individual with whom the employee is known to have a relationship or association.

50. At all times relevant to this Complaint, Mr. Franks' wife was a disabled individual suffering from Congestive Heart Failure.

51. At all times relevant to this Complaint, Defendant knew that Mr. Franks' wife was a disabled individual.

52. Defendants granted Mr. Franks FMLA leave on the basis of his wife's Congestive Heart Failure.

53. Defendant knew of Mr. Franks' wife's disability and her relationship with Mr. Franks.

54. Defendant subjected Mr. Franks to intentional discriminatory employment practices including, but not limited to, the following: (a) discriminating against Mr. Franks in terms of work conditions; (b) a negative performance evaluation solely due to his absences to care for his wife; (c) unwarranted discipline for utilizing FMLA leave to care for his wife; and (d) discriminating against Mr. Franks by terminating his employment.

55. These actions constitute unlawful discrimination and retaliation pursuant to the ADA.

## COUNT III
### Violations of the Fair Labor Standards Act ("FLSA")
### (Retaliatory Termination)

56. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

57. Plaintiff engaged in protected activity under the FLSA by questioning and complaining about Defendant's unlawful pay practices of docking employees' hourly time for forgetting to clock in or out.

58. Plaintiff was terminated just two (2) days later for questioning and complaining of Defendant's unlawful pay practices.

59. Such actions as aforesaid constitute indefensible violations of the Fair Labor Standards Act ("FLSA").

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B. Plaintiff is to be awarded punitive damages and/or liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

E.  Plaintiff is to be given a jury trial as demanded in the caption of the instant Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
Christine E. Burke, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 20, 2022

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| Timothy Franks  v.  New Hudson Facades, LLC | CIVIL ACTION  NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )

| 4/20/2022 |  | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 65 MacAarthur Avenue, Franklinville, NJ 08322

Address of Defendant: 815 Columbia Avenue, Linwood, PA 19061

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/20/2022    _____signature_____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/20/2022    _____signature_____    ARK2484 / 91538
                   *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FRANKS, TIMOTHY

**(b)** County of Residence of First Listed Plaintiff: Gloucester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
NEW HUDSON FACADES, LLC

County of Residence of First Listed Defendant: Delaware
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- 1 U.S. Government Plaintiff
- **X** 3 Federal Question *(U.S. Government Not a Party)*
- 2 U.S. Government Defendant
- 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | | | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| | 345 Marine Product Liability | | | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | 360 Other Personal Injury | 380 Other Personal Property Damage | | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | | 385 Property Damage Product Liability | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | 362 Personal Injury - Medical Malpractice | | 751 Family and Medical Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
| | | | | | 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | |
| 230 Rent Lease & Ejectment | 442 Employment | 510 Motions to Vacate Sentence | | | |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | 950 Constitutionality of State Statutes |
| 245 Tort Product Liability | **X** 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | | **Other:** | 462 Naturalization Application | | |
| | 446 Amer. w/Disabilities - Other | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | 448 Education | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- **X** 1 Original Proceeding
- 2 Removed from State Court
- 3 Remanded from Appellate Court
- 4 Reinstated or Reopened
- 5 Transferred from Another District *(specify)*
- 6 Multidistrict Litigation - Transfer
- 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADA (42USC12101); FMLA (29USC2611); FLSA (29USC201)
Brief description of cause:
Violations of the ADA, FMLA, FLSA and the PHRA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: **X** Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 4/20/2022
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE